UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

vs

RICHARD HARRISON SOLER

Case Number. 8:13-cr-229-T-30MAP
USM Number: 49797-018

Jorge Leon Chalela, Retained

## JUDGMENT IN A CRIMINAL CASE

The defendant pleaded guilty to Count One of the Indictment. Accordingly, the court has adjudicated that the defendant is guilty of the following offense:

| Title & Section | Nature of Offense | Date Offense Concluded | Count Number(s) |
|---|---|---|---|
| 21 U.S.C. §§ 846, 841(a)(1), and 841(b)(1)(B)(ii) | Conspiracy to Distribute to Possess with Intent to Distribute 500 Grams or More of Cocaine | April 12, 2013 | One |

The defendant is sentenced as provided in the following pages of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

**IT IS ORDERED** that the defendant shall notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant shall notify the court and United States attorney of any material change in the defendant's economic circumstances.

Date of Imposition of Sentence:

February 13, 2014

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

February __18__, 2014

AO 245B (Rev. 4/09) Judgment in a Criminal Case

RICHARD HARRISON SOLER
8:13-cr-229-T-30MAP

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of NINETY-TWO (92) MONTHS as to Count One of the Indictment.

The Court recommends to the Bureau of Prisons that the defendant be placed at FCI Coleman. The defendant shall participate in the 500 hour intensive drug treatment program while incarcerated.

The defendant is remanded to the custody of the United States Marshal.

## RETURN

I have executed this judgment as follows:

_____

_____

_____

_____

Defendant delivered on _____ to _____

at _____, with a certified copy of this judgment.

UNITED STATES MARSHAL

By: _____
Deputy U.S. Marshal

AO 245B (Rev. 4/09) Judgment in a Criminal Case

RICHARD HARRISON SOLER
8:13-cr-229-T-30MAP

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of FIVE (5) YEARS as to Count One of the Indictment.

The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not illegally possess a controlled substance.

*For offenses committed on or after September 13, 1994:*

The mandatory drug testing requirements of the Violent Crime Control Act are imposed. The Court orders the defendant to submit to random drug testing not to exceed 104 tests per year.

The defendant shall not possess a firearm, destructive device, or any other dangerous weapon.

If this judgment imposes a fine or a restitution obligation, it shall be a condition of supervision that the defendant pay any such fine or restitution that remains unpaid at the commencement of the term of supervision in accordance with the Schedule of Payments set forth in the Criminal Monetary Penalties sheet of this judgment.

The defendant shall comply with the standard conditions that have been adopted by this court (set forth below).

The defendant shall also comply with the additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1. the defendant shall not leave the judicial district without the permission of the court or probation officer;
2. the defendant shall report to the probation officer in a manner and frequency directed by the court or probation officer;
3. the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4. the defendant shall support his or her dependents and meet other family responsibilities;
5. the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;
6. the defendant shall notify the probation officer **at least ten (10) days prior** to any change in residence or employment;
7. the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8. the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9. the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;

RICHARD HARRISON SOLER
8:13-cr-229-T-30MAP

10. the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer;

11. the defendant shall notify the probation officer within **seventy-two (72) hours** of being arrested or questioned by a law enforcement officer;

12. the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;

13. as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

## ADDITIONAL CONDITIONS OF SUPERVISED RELEASE

1. The defendant shall participate in a substance abuse program (outpatient and/or inpatient) and follow the probation officer's instructions regarding the implementation of this court directive.  Further, the defendant shall contribute to the costs of these services not to exceed an amount determined reasonable by the Probation Office's Sliding Scale for Substance Abuse Treatment Services. During and upon completion of this program, the defendant is directed to submit to random drug testing.

2. The defendant shall submit to a search of your person, residence, place of business, any storage units under the defendant's control, or vehicle, conducted by the United States Probation Officer at a reasonable time and in a reasonable manner, based upon reasonable suspicion of contraband or evidence of a violation of a condition of release.  Failure to submit to a search may be grounds for revocation.  You shall inform any other residents that the premises may be subject to a search pursuant to this condition.

3. The defendant shall cooperate in the collection of DNA, as directed by the Probation Officer.

## CRIMINAL MONETARY PENALTIES

The defendant shall pay the following total criminal monetary penalties in accordance with the schedule of payments set forth in the Schedule of Payments.

| Total Assessment | Total Fine | Total Restitution |
|---|---|---|
| $100.00 | Waived | N/A |

## SCHEDULE OF PAYMENTS

Special assessment shall be paid in full and is due immediately.

## FORFEITURE

Defendant shall forfeit to the United States those assets previously identified in the Order of Forfeiture, that are subject to forfeiture.  The Final Judgment of Forfeiture as to Certain Real Property is made a part of this judgment.

The defendant shall pay interest on any fine or restitution of more than $2,500, unless the fine or restitution is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f).  All of the payment options on the Schedule of Payments may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

*Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18, United States Code, for offenses committed on or after September 13, 1994 but before April 23, 1996.

AO 245B (Rev. 4/09) Judgment in a Criminal Case

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.                                                          Case No. 8:13-cr-229-T-30MAP

RICHARD HARRISON SOLER
LINDA RODRIGUEZ
ROBERT WILLIAMSON

**FINAL JUDGMENT OF FORFEITURE AS TO CERTAIN REAL PROPERTY**

THIS CAUSE comes before the Court upon the United States' Motion for a Final Judgment of Forfeiture (Doc. 127), pursuant to 21 U.S.C. § 853 and Rule 32.2(c)(2) of the Federal Rules of Criminal Procedure, for the following asset:

> The real property located at 7748 Brettonwood Drive, Tampa, Florida, including all improvements thereon and appurtenances thereto, the legal description for which is as follows:
>
> LOT 23, BLOCK 1, CYPRESS TREE, AS PER PLAT THEREOF, RECORDED IN PLAT BOOK 48, PAGE 19, OF THE PUBLIC RECORDS OF HILLSBOROUGH COUNTY, FLORIDA.
>
> Parcel ID: U-23-28-17-07V-000001-00023.0.

On August 16, 2013, the Court entered Preliminary Orders of Forfeiture against defendants Linda Rodriguez and Robert Williams for the asset described above, pursuant to 21 U.S.C. § 853.  Docs. 59 and 60.

On October 3, 2013, the Court entered a Preliminary Order of Forfeiture

1

against defendant Richard Soler for the asset described above, pursuant to 21 U.S.C. § 853. Doc. 79.

The Court finds that in accordance with 21 U.S.C. § 853(n) and Rule 32.2(b)(6)(C), the United States published notice of the forfeiture and of its intent to dispose of the asset on the official government website, www.forfeiture.gov, from December 10, 2013 through January 8, 2014. Doc. 123. The publication gave notice to all third parties with a legal interest in the asset to file with the Office of the Clerk, United States District Court, Middle District of Florida, Sam Gibbons Federal Courthouse, 2nd Floor, 801 North Florida Avenue, Tampa, Florida 33602, a petition to adjudicate their interest within 60 days of the first date of publication.

The Court further finds that, in accordance with the requirements of 21 U.S.C. § 853(n), the United States sent notices of this forfeiture action, via certified United States mail and first class mail to the Hillsborough County Tax Collector, James Valenti and Spencer Lumia, the only entity and individuals believed to have any potential interest in the real property. The Tax Collector and James Valenti and Spencer Lumia filed Verified Petitions, which have been settled. No other entity or individual is believed to have any potential interest in the asset.

No other third party or entity has filed a petition or claimed an interest in the asset, and the time for filing such petition has expired.

Accordingly, it is hereby:

ORDERED, ADJUDGED, and DECREED that for good cause shown, the

United States' motion (Doc. 127) is GRANTED.

It is FURTHER ORDERED that pursuant to 21 U.S.C. § 853 and Federal Rule of Criminal Procedure 32.2(c)(2), all right, title and interest in the asset identified above is CONDEMNED and FORFEITED to the United States for disposition according to law, subject to the terms of the settlement agreements filed in the instant case. Specifically, the United States agrees to pay the Tax Collector all ad valorem real property taxes and non-ad valorem assessments due and owing, up to the date of entry of the Final Order of Forfeiture, and all interest on said taxes due and owing up to the date of payment. Doc. 65. In addition, the United States agrees to pay James Valenti and Spencer Lumia the unpaid principal on their mortgage on the real property. Doc. 113.

Clear title to the asset is now vested in the United States of America.

DONE and ORDERED in Tampa, Florida, this 13th day of February, 2014.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel/Parties of Record

F:\Docs\2013\13-cr-229 fj forfeit 127.docx